UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

    Plaintiff,

    v.

GEORGETOWN UNIVERSITY, *et al.*,

    Defendants.

Civil Action No. 25-3439 (JEB)

**MEMORANDUM OPINION AND ORDER**

Plaintiff John Doe is a tenured faculty member at Georgetown University. See ECF No. 1 (Compl.), ¶ 4. In July 2023, Robert Roe, a recent graduate of Georgetown and a student of Doe's, reported to the University's Office of Institutional Diversity, Equity, and Affirmative Action (IDEAA) that he believed Plaintiff had been "grooming" him during the course of his mentorship. Id., ¶¶ 16–20. Doe believes that the IDEAA's subsequent investigation of Roe's allegations was procedurally unsound and violated Title IX, Georgetown's Faculty Handbook, and a 2015 agreement between the University and Doe. Id., ¶¶ 29–135. He then filed this suit against the University and certain officials seeking damages. Id. at 34. Doe now moves to proceed pseudonymously. See ECF No. 2 (Mot.). Finding that he has not sufficiently demonstrated a need for pseudonymity, the Court will deny his Motion.

**I.    Legal Standard**

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1). That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental

1

processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
> [3] the ages of the persons whose privacy interests are sought to be protected;
> [4] whether the action is against a governmental or private party; and relatedly,
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.    Analysis**

Plaintiff has not met the weighty burden of demonstrating that his privacy interests outweigh the public's presumptive and substantial interest in learning his identity.  The Court will address each of the five factors in turn, with particular focus on the first and second factors.

The first factor does not support granting the Motion.  Plaintiff asserts that disclosure of his identity would risk reputational harm because Georgetown has "branded him" a sexual harasser.  See Mot. at 6.  He also submits that, because the investigation was conducted by IDEAA, disclosure of his identity could cause this case to be swept into the broader national debate over diversity, equity, and inclusion programs, thereby exposing him to unwanted public

attention from both sides of the debate.  Id. at 5–6.  The Court is unpersuaded by these asserted justifications.

Courts in this district have consistently held that allegations of sexual harassment, standing alone, do not constitute the type of "sensitive and highly personal" information that warrants pseudonymity.  Roe v. Bernabei & Wachtel PLLC, 85 F. Supp. 3d 89, 96 (D.D.C. 2015); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 63 (D.D.C. 2019) (contrasting sexual assault and sexual harassment and noting that courts "generally allow a plaintiff to litigate under a pseudonym in cases containing allegations of sexual assault," but not sexual harassment); Doe v. Christ Church Georgetown, No. 24-598, ECF No. 3 (Mem. Op.) at 3 (D.D.C. Mar. 8, 2024) (finding this factor did not favor pseudonymity where complaint alleged only sexual harassment).  Plaintiff also points to a confidentiality agreement between him and Georgetown in connection with allegations made a decade ago, contending that identification of him here would effectively reveal those earlier allegations that Georgetown agreed to keep confidential.  See Mot. at 7.  But the disclosure of Plaintiff's identity does not automatically reveal the substance of the prior allegations, which remain part of confidential University records.  See Compl., ¶ 50.  The Court is thus not convinced that the prior agreement materially alters the analysis.  As for Doe's argument about being drawn into the DEI debate, this case does not involve any challenge to DEI programs themselves; it concerns the fairness of a sexual-harassment investigation.  See Compl. at 1–3.  The mere fact that IDEAA also oversees DEI efforts does not mean that the case will inevitably attract the attention of DEI supporters or critics.  Even if it does, Plaintiff's reputational concerns and claimed likelihood of unwanted attention do not justify overriding the public's presumptive right of access to judicial proceedings.

The second factor, which considers whether identification poses a risk of retaliatory physical or mental harm to Plaintiff or innocent non-parties, weighs differently for Plaintiff and for his former student Roe. Plaintiff suggests that revealing his name could subject him to political harassment or even violence because of the controversy surrounding DEI initiatives. See Mot. at 5–6. As noted above, the case does not involve challenges to DEI programs, and Doe has identified no concrete threats to his safety. Nor has he shown that his situation resembles the extraordinary circumstances where courts have found anonymity appropriate, such as cases involving threats from foreign governments or violent criminal suspects. See, e.g., J.K.A. v. United States, No. 23-2273, ECF No. 7 (Mem. Op.) at 3–4 (D.D.C. Aug. 10, 2023) (factor favors pseudonymity when plaintiffs faced "threats of retaliation" from foreign government); Employee #1 v. Dep't of Behavioral Health, No. 23-2553, ECF No. 5 (Mem. Op.) at 5 (D.D.C. Sep. 25, 2023) (plaintiff alleged that "[t]he risk of exposing [his] name and home address in the context of a homicide where the [suspect] is capable of vicious retaliation is huge," especially because suspect already "assaulted" him) (cleaned up). The Court therefore concludes that Plaintiff has not demonstrated a real danger of physical harm to himself.

The Court, meanwhile, shares Plaintiff's concern about the identification of his former student Roe, a nonparty whose name is publicly associated with him through joint-research announcements. There is an interest in preserving Roe's privacy, particularly given the alleged mental-health challenges he has had. See Mot. at 8; see also Doe v. Sessions, 2018 WL 4637014, at *4 (D.D.C. Sep. 27, 2018) ("Courts generally find a risk of retaliatory harm in cases where the moving party provides evidence that psychological damage is anticipated if a party's identity is disclosed.") (citation omitted) (cleaned up). To minimize the risk of unnecessary

4

harm to Roe, the Court will require that he be referred to by pseudonym in all public filings and proceedings.

The third and fourth factors both counsel against granting the Motion. As to the third, Plaintiff is an adult and does not allege that disclosure of his identity would affect the safety or welfare of any minor. With respect to the fourth, Defendants — Georgetown University and various school officials — are private litigants "who presumably have concerns about their respective reputations." Doe 1, 369 F. Supp. 3d at 67; see also Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014) ("This factor weighs against allowing the plaintiff to use a pseudonym because the defendant is a private litigant, who undoubtedly has concerns about his reputation."); Christ Church Georgetown, No. 24-598, ECF No. 3 (Mem. Op.) at 4–5 (fourth factor disfavors pseudonymity because defendants were "a private institution and an individual, respectively").

Finally, the fifth factor favors Doe's Motion. Defendants would suffer no prejudice from allowing Plaintiff to proceed under a pseudonym, as they are already aware of his identity from the IDEAA investigation. See In re Sealed Case, 971 F.3d at 326 n.1 (this factor is "not implicated" where defendant knows plaintiff's identity).

On balance, although the fifth factor lends some support to Plaintiff, the others tip the scale toward disclosure. The Court therefore finds that Plaintiff has not met "the weighty burden" of "demonstrating a concrete need" for pseudonymity in this lawsuit. Id. at 326.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is DENIED;

2. Within fourteen days of the Court's Order, Plaintiff shall advise the Clerk of the Court whether he wishes to proceed with the case; if so, he shall file the Complaint on

the public docket using his real name, and all parties shall refer to the former student as Robert Roe in all documents filed in this action; and

3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  October 6, 2025