UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,

    Plaintiff,

        v.                                           Civil Action No. 25-3439 (JEB)

GEORGETOWN UNIVERSITY, *et al.*,

    Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff John Doe recently sued Georgetown University and several school officials, alleging that the University's investigation into a former student's sexual-harassment complaint against him violated Title IX, the Faculty Handbook, and a prior agreement between him and the University. See ECF No. 1 (Compl.). He filed a Motion to Proceed Under Pseudonym, see ECF No. 2 (Initial Mot.), which the Court denied in a Memorandum Opinion and Order, concluding that he had failed to overcome the presumption in favor of disclosure. See Doe v. Georgetown Univ. (Doe I), 2025 WL 2829164 (D.D.C. Oct. 6, 2025). Doe now moves for reconsideration, reiterating that disclosure of his name would identify his former student and expose himself to possible political violence. See ECF No. 4 (Recon. Mot.). Finding neither argument persuasive, the Court will deny the Motion.

**I.      Legal Standard**

Federal Rule of Civil Procedure 54(b) applies to orders that "may be revised at any time." Doe, Inc. v. Roe, 2021 WL 3622166, at *1 (D.D.C. June 3, 2021) (reviewing motion to reconsider denial of motion to proceed under pseudonym under Rule 54(b)). Relief may be granted pursuant to Rule 54(b) "as justice requires," a standard that may be met where, for

1

example, the court "has patently misunderstood" the parties, strayed far afield of the issues presented, or failed to consider "a controlling or significant change in the law or facts . . . since the submission of the issue." Cobell v. Norton, 224 F.R.D. 266, 272 (D.D.C. 2004) (quoting Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990)). A court's discretion under Rule 54(b), however, is "limited by the law of the case doctrine and subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again." Singh v. George Wash. Univ., 383 F. Supp. 2d 99, 101 (D.D.C. 2005) (internal quotation marks omitted) (quoting In re Ski Train Fire in Kaprun, Austria, on Nov. 11, 2004, 224 F.R.D. 543, 546 (S.D.N.Y. 2004)).

**II.   Analysis**

Doe offers two arguments for why the Court should reconsider its earlier decision: first, revealing his identity would inevitably identify his former student, Robert Roe, see Recon. Mot. at 1–2; and second, disclosure could expose him personally to harassment or physical harm. Id. at 3–6. Neither provides a basis for reconsideration.

   A.   Identification of Former Student

Plaintiff contends that given the small size of his department and several online announcements of their joint research, public disclosure of his identity "is tantamount to identifying" Roe, id. at 1, which might exacerbate Roe's existing mental-health issues. See Initial Mot. at 8.

This Court previously recognized that "[t]here is an interest in preserving Roe's privacy" and ordered the parties to refer to Roe by pseudonym in all public filings and proceedings. Doe I, 2025 WL 2829164, at *3. Doe now suggests, however, that revealing his own identity would

effectively disclose the student's identity because an internet search of Doe's name and keywords related to the facts of this case would reveal Roe's real name. See Recon. Mot. at 2. On balance, such concern does not warrant allowing Plaintiff to proceed pseudonymously. The risk of indirect disclosure of Roe's identity remains speculative, as it depends on the uncertain premise that members of the public would undertake targeted internet searches linking Plaintiff's name to this litigation and then discern Roe's identity through further searches based on information in the Complaint. Doe, moreover, does not substantiate how indirect identification, should it occur, would cause concrete or imminent psychological harm to Roe. The Court believes that the prior Order requiring the continued use of a pseudonym for Roe in all public filings sufficiently mitigates any realistic risk of public exposure or stigma.

Indeed, even if the Court were to conclude that the potential for Roe's identification tips the scale slightly in Doe's favor, that would not alter the outcome. As the Court previously found, three other factors — the first, third, and fourth of the In re Sealed Case factors — continue to weigh against pseudonymity for Plaintiff. See Doe I, 2025 WL 2829164, at *2–3.

B. Risk of Physical Harm

Doe next argues that the Court misapprehended his concern about the risk of retaliatory harm. He emphasizes that he is concerned about possible physical harm, rather than mere unwanted attention, in light of increasing polarization and hostility surrounding diversity, equity, and inclusion issues. See Mot. for Recon. at 3–4. He further retorts that even though this case does not involve challenges to DEI programs, anti-DEI partisans "do not distinguish between diversity initiatives" involving gender and those involving race, id. at 4, and they often oppose "mechanisms aimed at addressing sexual harassment." Id. at 5.

While the Court does not discount the existence of political threats and violence, it also does not see how Plaintiff would become a subject of such hostility. As it previously observed, this case concerns Georgetown's handling of a sexual-harassment investigation; it has nothing to do with DEI initiatives. Doe I, 2025 WL 2829164 at *2. There is no reason to believe that opponents of DEI programs would perceive this litigation as antagonistic to their interests or direct hostility toward Plaintiff, particularly since Doe himself concedes that he "might be seen as a sympathetic figure to anti-DEI activists" in challenging the University's Title IX investigation. See Mot. for Recon. at 4. Nor does the Court see why DEI proponents would direct hostility towards Doe since, again, this lawsuit does not challenge DEI policies or programs.

Courts usually require more than generalized and abstract concerns to establish a credible risk of retaliatory harm. Compare Chang v. Republic of S. Sudan, 548 F. Supp. 3d 34, 38 (D.D.C. 2021) (finding plaintiffs showed serious risk of retaliatory harm when they could point to previous attacks they suffered and ongoing threats of retaliation), with Doe v. Burrows, 2025 WL 1158071 at *2 (D.D.C. Apr. 21, 2025) (finding plaintiff's claim of impending retribution "far too bare and attenuated" to establish legitimate risk of retaliatory harm) (internal quotation marks omitted). To hold otherwise would permit any litigant whose case touches on a contentious social issue to proceed pseudonymously, contrary to the "strong presumption of openness in judicial proceedings" that serves as "a bedrock principle of our judicial system." In re Sealed Case, 971 F.3d 324, 325 (D.C. Cir. 2020). As Doe identifies no concrete threats or circumstances that establish a credible danger of physical harm, reconsideration of the Court's prior decision is not warranted.

The Court accordingly ORDERS that Plaintiff's [4] Motion for Reconsideration is DENIED.

/s/ *James E. Boasberg*
JAMES E. BOASBERG
Chief Judge

Date:  October 22, 2025