**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID EGOLF<br><br>    Plaintiff,<br><br>       vs.<br><br>GEORGETOWN UNIVERSITY, ET AL.<br><br>    Defendants. | Case No. 25-CV-3439. |
| GEORGETOWN UNIVERSITY,<br><br>    Counterclaim Plaintiff,<br><br>       vs.<br><br>DAVID EGOLF.<br><br>    Counterclaim Defendant. | |

### PLAINTIFF'S EMERGENCY MOTION FOR AN IMMEDIATE ORDER TEMPORARILY SEALING THE DEFENDANT'S COUNTERCLAIM

COMES NOW PLAINTIFF David Egolf, by and through his undersigned counsel, and respectfully moves this Court to immediately enter an order temporarily sealing the Defendant's counterclaim. Plaintiff makes this motion for the following reasons:

1. In 2013, a student filed a complaint with Georgetown's institutional diversity office in which he claimed that Professor Egolf had engaged in sexual misconduct.

2. That complaint ended when the University and Professor Egolf entered into a written settlement agreement. The University granted a full general release of liability to Professor Egolf and agreed that it would never rely on any aspect of that case in making any future employment decisions (subject to one exception irrelevant to the instant motion).

LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

3. For his part, Professor Egolf agreed to abide by six rules of conduct, such as avoiding being in an office closed with a student with the door closed; to undergo sexual harassment training; and to withdraw the grievance he had filed.

4. The settlement agreement included an expansive confidentiality provision with detailed provisions regarding the secure and confidential storage of materials related to the claim and strict rules barring disclosure of anything related to the case.

5. Ten years later, in 2023, "Robert Roe", a recent Georgetown graduate, informed Georgetown's Title IX office that he had recently come to believe that Professor Egolf had been "grooming" him. According to sworn testimony by the University's Title IX Coordinator and other Georgetown officials, Mr. Roe stated explicitly that Professor Egolf had never touched him inappropriately and had never propositioned him for sexual contact.

6. Following that report, the University commenced an investigation.

7. Professor Egolf filed the instant complaint because throughout the investigation Georgetown repeatedly and willfully violated important provisions of Title IX and of its own policies which are designed to ensure a fair and impartial investigation.

8. Among the University's many violations was its hiring of lawyers who specialize in representing colleges and universities in disputes with faculty as the investigators. This was a plain violation of Title IX regulations, which,

> require[] Title IX Coordinators, investigators, decision-makers, and persons who facilitate informal resolutions to be free from conflicts of interest and bias and trained to serve impartially without prejudging the facts at issue.

Federal Register, Vol. 85, No. 97, 30053. Based on that requirement, Title IX regulations direct that investigators and decisionmakers "not have a conflict of interest or bias for or against complainants or respondents generally". 34 C.F.R. § 106.45(b)(2) (emph. added).

LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

Georgetown's use of lawyers who specialize in representing universities in disputes with their faculty is a prima facie violation of Section 106.45.

9. Georgetown grossly exacerbated the investigators' bias by disclosing portions of the 2015 settlement agreement with the investigators. That disclosure was a plain violation of the non-disclosure and non-reliance promises that the University had made in the agreement. Even after Professor Egolf reminded the University of the confidentiality provisions of their agreement, the University made additional violative disclosures.

10. The University appears to be continuing that practice in this Court.

11. Georgetown has filed a counterclaim against Professor Egolf for purportedly violating the settlement agreement.

12. Georgetown's counterclaim contains a lengthy, multi-page narrative describing the facts and circumstances of the 2013 case. ***The facts and circumstances in that narrative bear no relevance to any issue in dispute in this litigation.***

13. Georgetown's narrative breaches the general release and the strict confidentiality clause of the University's 2015 agreement with Professor Egolf.

14. Georgetown also attached a series of documents on the record, including the Confidential Settlement Agreement and Release, the statement of charges against Professor Egolf, the Confidential Investigative Report, a letter from the institutional diversity office to the Provost about the report, and a letter from the Provost to Professor Egolf contending that Professor Egolf had violated the agreement.

15. Most or all of the documents that the University filed is required by Title IX to be kept confidential.

16. More importantly, the materials that Georgetown has filed are impertinent.

LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

17. Professor Egolf will file a motion as soon as practicable pursuant to Rule 12(f) and United States v. Hubbard to ask this Court to strike from the record or place under seal the materials that Georgetown has filed.

18. The Plaintiff has sought the Defendants' consent to the temporary relief that he seeks but the Defendants have not yet responded.

19. This issue is time-sensitive because the information in the Defendant's filing is highly prejudicial to Professor Egolf and its broad dissemination increases with the passage of time.

20. This Court is authorized by its inherent authority over its docket and by the explicit provisions of Rule 12(f) to act *sua sponte* on this matter. Because of the time-sensitive nature of this issue, and the potential harm that the Plaintiff will suffer by dissemination of private information, and because the Plaintiff seeks only temporary relief, the Plaintiff respectfully requests that the Court issue an immediate order temporarily sealing Docket Entry Number 21 so that they will not be subject to public disclosure during the time required to brief and decide the issues.

Respectfully Submitted,

Dated: December 23, 2025

LIPPMAN, SEMSKER & SALB, LLC
Micah Salb, Esq. (Bar No. 9506210360)
msalb@lsslawyers.com
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
(301) 656-6905

*Counsel to Plaintiff David Egolf*

LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

**CERTIFICATE OF SERVICE**

I certify that on December 23, 2025, a copy of the foregoing was filed via the Court's electronic case filing system and thereby served on Defendants' counsel of record.

_____
Micah Salb, Esq.

**LIPPMAN, SEMSKER & SALB, LLC**
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814