UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| David Egolf,<br>    *Plaintiff,*<br>v.<br>Georgetown Univ.; Robert Groves; Rosemary Kilkenny; Olabisi Ladeji Okubadejo; and Samantha Berner,<br>    *Defendants.*<br><br>Georgetown Univ.; Robert Groves; Rosemary Kilkenny; Olabisi Ladeji Okubadejo; and Samantha Berner,<br>    *Counter-Plaintiffs,*<br>v.<br>David Egolf,<br>    *Counter-Defendant.* | No. 1:25-cv-03439-ABJ<br><br>Judge Amy Berman Jackson<br><br>Unopposed Motion of Eugene Volokh to Intervene and Unseal,<br>with Accompanying Memorandum |

**Motion**

Eugene Volokh is moving (on his own behalf) to intervene and unsealing the Sealed Motion for Leave to File Document Under Seal (ECF No. 28) and its attachment (ECF No. 28-1). Movant has conferred with counsel for both parties.

Georgetown University et al.'s counsel has no objection to unsealing both the Sealed Motion (ECF No. 28) and its attachment.

Prof. Egolf's counsel has no objection to unsealing the Sealed Motion (ECF No. 28) itself, but does object to unsealing the attachment, and believes that the attachment cannot be sensibly redacted but should remain sealed in its entirety.

Movant has no objection to modest redaction of the attachment if this court believes there are compelling reasons to do so, but does ask that the attachment be released, even if in a modestly redacted form.

1

**Memorandum**

## I. Volokh should be allowed to intervene

"Pursuant to Federal Rule of Civil Procedure 24(b) and the common-law right of access, third parties may intervene in cases for the 'limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order.'" *League of Women Voters of United States v. Newby*, 963 F.3d 130, 132 (D.C. Cir. 2020) (citation omitted). "The force of precedent . . . compels a flexible reading of Rule 24(b). Given this flexible approach and our longstanding tradition of public access to court records, we construe Rule 24(b) as an avenue for third parties to have their day in court to contest the scope or need for confidentiality." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998) (cleaned up).

## II. The common-law right of access applies to motions to seal, and calls for unsealing the motion to seal

Because motions to seal implicate the public's right of access to court records, the public and the press need to be able to review them, to understand why a court is considering hiding certain information from the public, and to understand whether they should consider filing oppositions to the motions to seal. Filings related to whether certain matters should be sealed "qualify as judicial documents because they were submitted to 'influence the district court's rulings' as to whether *other* judicial documents submitted throughout the defamation litigation should be maintained under seal." *Giuffre v. Maxwell*, 146 F.4th 165, 181 (2d Cir. 2025) (cleaned up). "Accordingly, a presumption of public access attaches" to such filings. *Id.*

To be sure, *Giuffre* concluded that the presumption of public access gets "stronger" "[t]he more . . . documents implicate a court's core adjudicative role," and suggested that filings related to sealing "are incrementally more attenuated from" that core role. *Id.*; *see also id.* at 182 (remanding the matter so that "the able district judge [can] consider these factors in individually reviewing the

2

[sealing-related] filings and the underlying documents to which they pertain, assigning an appropriate weight to the presumption of public access applicable to the filings, weighing that presumption against any countervailing interests, and then deciding which filings (or parts of filings) can be unsealed"). But the presumption of public access, whether incrementally attenuated or not, remains.

This presumption appears not to be rebutted here. "A motion to seal itself should not generally require sealing or redaction because litigants should be able to address the applicable standard without specific reference to confidential information." *Allegiant Travel Co. v. Kinzer*, No. 2:21-CV-01649-JAD-NJK, 2022 WL 2819734, at *3 (D. Nev. July 19, 2022).

And even if there are some items in the motion that need to be kept confidential, the common-law right of access requires that a district court consider "whether redaction would be an appropriate alternative" to full sealing. *In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 297 (D.C. Cir. 2022) (criminal case). "If plaintiff wishes to keep certain information sealed, it . . . must explain why the broad scope of requested sealing is necessary such that the alternative of targeted redactions is insufficient." *Doe, Inc. v. Roe*, No. MC 21-43 (BAH), 2021 WL 3622166, at *3 (D.D.C. June 3, 2021). *See also, e.g.*, *Alexander v. Las Vegas Metro. Police Dep't*, No. 2:24-CV-00074-APG-NJK, 2025 WL 1410708, at *1 (D. Nev. Apr. 7, 2025) ("[t]o the extent any confidential information can be easily redacted" from a "motion to modify stipulated protective order" "while leaving meaningful information available to the public, the Court must order that redacted versions be filed rather than sealing entire documents").

### III. This Court should also recognize a First Amendment right of access filings in civil proceedings, and unseal the motion to seal pursuant to that right

"Though the Supreme Court originally recognized the First Amendment right of access in the context of criminal trials, the federal courts of appeals have widely agreed that it extends to civil

3

proceedings and associated records and documents." *Courthouse News Serv. v. Planet*, 750 F.3d 776, 786 (9th Cir. 2014) (citation omitted); *see also N.Y. C.L. Union v. N.Y. Transit Auth.*, 684 F.3d 286, 305 (2d Cir. 2012) (likewise recognizing a First Amendment right of access to civil proceedings); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1061 (3d Cir. 1984) (same); *Courthouse News Serv. v. Schaefer*, 2 F.4th 318, 326 (4th Cir. 2021) (same); *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178-79 (6th Cir. 1983) (same); *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984) (same); *Courthouse News Serv. v. N.M. Admin. Office of the Courts*, 54 F.3th 1245, 1263 (10th Cir. 2022) (same). The D.C. Circuit has apparently not decided the question, but the other Circuits are correct, and unanimously so: "By its terms, the experience and logic test does not limit the right of access to criminal proceedings. Every circuit to consider the issue has concluded that the qualified First Amendment right of public access applies to civil as well as criminal proceedings." *Dhiab v. Trump*, 852 F.3d 1087, 1099 (D.C. Cir. 2017) (Rogers, J., concurring in part and in the judgment).

In particular, courts have concluded that the First Amendment right of access applies to motions to conceal documents from public view. *See Doe v. Teachers Council, Inc.*, No. 3:23-CV-01747-AN, 2024 WL 1232082, at *3 (D. Or. Mar. 21, 2024) (motion to proceed pseudonymously); *Schiller v. City of New York*, No. 04 CIV. 7921, 2006 WL 2788256, at *5 (S.D.N.Y. Sept. 27, 2006) (protective order brief); *Doe v. City of New York*, No. 1:22-CV-7910 (LTS), 2022 WL 15153410, at *1, *3 (letter seeking "leave to file a motion to proceed anonymously or under seal").

The First Amendment right of access calls for an even more demanding test than does the common-law right of access: "The party seeking closure or sealing must show that such a restriction of the first amendment right of public access is necessitated by a compelling government

interest." *In re Search Warrant (Gunn)*, 855 F.2d 569, 574 (8th Cir. 1988). For the reasons given above, this test cannot be satisfied here.

### IV. LCR 5.1(h)(1) also precludes sealing of the motion to seal itself, absent an order from the Court

LCvR 5.1(h)(1) provides,

> Absent statutory authority, no case or document may be sealed without an order from the Court. A document filed with the intention of it being sealed in an otherwise public case must be filed by electronic means in a manner authorized by the Clerk and shall be accompanied by a motion to seal. The document will be treated as sealed, pending the outcome of the ruling on the motion. Failure to file a motion to seal will result in the document being placed on the public record.

This should also justify unsealing the motion to unseal itself, since there appears to be no "order from the Court" authorizing its sealing. As to unsealing the attachment, Volokh's argument relies on the analysis in Parts I to III.

### V. Movant requests that this motion be considered expeditiously

Just as courts should "act expeditiously on [a] sealing motion" in order to protect the ability of "the public [and] the press . . . to monitor the progress of the litigation as it unfolded," *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014) (disapproving of a "nine-month delay in ruling on the sealing motion"), so courts ought to act expeditiously on unsealing motions as well. "In light of the values which the presumption of access endeavors to promote, a necessary corollary to the presumption is that once found to be appropriate, access should be immediate and contemporaneous." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994), *superseded as to other matters, Bond v. Utreras*, 585 F.3d 1061, 1068 (7th Cir. 2009). "[E]ach passing day may constitute a separate and cognizable infringement of the First Amendment." *Id.* (quoting *Nebraska Press Ass'n v. Stuart*, 423 U.S. 1327, 1329 (1975) (Blackmun, J., in chambers)).

## Conclusion

Volokh has both a First Amendment and common law right of access to the Sealed Motion and its attachment. He is entitled to intervene to assert these rights, and those documents should be unsealed, if necessary with light redactions.

Respectfully Submitted,

/s/ Eugene Volokh
Eugene Volokh
Thomas M. Siebel Senior Fellow
Hoover Institution, Stanford University
434 Galvez Mall
Stanford, CA 94305
(650) 721-5092
volokh@stanford.edu
*Pro se*
(Institutional affiliation given for identification and addressing purposes only)

January 7, 2026

## Certificate of Service

I certify that today, January 7, 2026, I filed this document on CM/ECF, and also e-mailed it to the parties.

/s/ Eugene Volokh