## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| DAVID EGOLF, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 25-3439 (ABJ) |
| ) | |
| GEORGETOWN UNIVERSITY, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## **ORDER**

Pending before the Court is plaintiff's motion to strike or seal exhibits to defendants' answer and counterclaim.  Pl.'s Mot. to Strike or Seal [Dkt. # 31] (SEALED) ("Mot.").  Plaintiff originally brought suit against Georgetown University and four of its employees alleging claims of retaliation, breach of contract, breach of the covenant of good faith and fair dealing, interference with contractual relations, tortious interference with prospective economic advantage, and negligent supervision.  Compl. [Dkt. # 8] ¶¶ 196–230.  Defendants answered the complaint and brought two counterclaims against plaintiff, attaching five exhibits to the pleading.  Defs.' Answer & Counterclaim [Dkt. # 21] (SEALED) ("Defs.' Countercl.") ¶¶ 105–117; Exs. A–E to Defs.' Countercl. [Dkt. ## 21-1–5].

Three days later, plaintiff filed an emergency motion to temporarily seal the counterclaim.  Pl.'s Emergency Mot. for Temporarily Sealing Defs.' Counterclaim [Dkt. # 22] ("Emergency Mot.").  The Court granted the emergency motion pending defendants' response to the request for sealing, Minute Order (Dec. 24, 2025), and defendants responded in opposition shortly thereafter.  Defs.' Mem. in Opp. to Emergency Mot. [Dkt. # 26].  Plaintiff now moves the Court to permanently strike or seal portions of the counterclaim and exhibits.

The Court is disinclined to monitor the defendants' selection of the material submitted to the Court in support of its counterclaims under the umbrella of Federal Rule Civil Procedure 10(c) – as opposed to Rule 12(f) – at this early stage of the proceedings. This is particularly true given the unnecessarily prolix and detailed pleadings filed by the plaintiff himself, and the fact that there are claims in plaintiff's own complaint that put the facts to which the exhibits pertain squarely in issue. Moreover, plaintiff's motion relies primarily on opinions that are easily distinguishable. The unpublished opinion in *Millers Cap. Ins.*, *Co. v. Hydrofarm, Inc.*, Civ. Action No. 21-321, 2022 WL 1773610 (D.D.C. June 1, 2022), involved whether deposition excerpts attached to a complaint could be considered integral to the claim and therefore incorporated in the complaint by reference for purposes of a motion to dismiss, and it did not touch on the question of whether such material should be stricken entirely. Similarly, the discussion of Rule 10(c) in a footnote in *Boykin v. Gray*, 895 F. Supp. 2d 199, 205 n.5 (D.D.C. 2012), concerned whether material attached to complaint could be incorporated into and made part of a complaint when assessing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), and striking the material was not discussed.

Therefore, plaintiff's request to strike the exhibits will be **DENIED**, but that portion of the motion asking that Exhibits B, C, D, and E [Dkt. ## 21-2, 3, 4, and 5] be sealed will be **GRANTED** for the time being given their personal nature, subject to further review by the Court as the case unfolds.

Finally, given the nature, number, and tone of the pleadings to date, the Court finds it necessary to advise the parties as follows: 1) this case is going to proceed in an orderly manner; 2) pleadings informing the Court that other pleadings will be filed in the future are entirely unnecessary; and 3) caustic pleadings that include personal attacks on other parties or their counsel

tend to obscure, rather than advance, legitimate factual and legal arguments, and they should be avoided.

**SO ORDERED.**

AMY BERMAN JACKSON
United States District Judge

DATE:  January 12, 2026