**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAVID EGOLF<br><br>　　　Plaintiff,<br><br>　　　　　vs.<br><br>GEORGETOWN UNIVERSITY, ET AL.<br><br>　　　Defendants. | Case No. 25-CV-3439. |
| GEORGETOWN UNIVERSITY,<br><br>　　　Counterclaim Plaintiff,<br><br>　　　　　vs.<br><br>DAVID EGOLF.<br><br>　　　Counterclaim Defendant. | |

◆―――――◆

### MOTION FOR RECONSIDERATION OF ORDER ON MOTION TO STRIKE OR TO SEAL

◆―――――◆

Plaintiff-Counterclaim-Defendant David Egolf moved the Court to strike or seal portions of the Defendant's Counterclaim pursuant to Rule 12(f).[1]  The Court denied the motion in part for three reasons:

First, the Court stated its disinclination to review the Defendant's pleadings "under the umbrella of Federal Rule Civil Procedure 10(c) – as opposed to Rule 12(f) – at this early stage of the proceedings". Order, Dkt. No. 32, p. 2.  But two-thirds of Professor Egolf's motion briefed his request to strike or seal pursuant to Rule 12(f), including a careful discussion of

---

[1] Professor Egolf also sought to strike Exhibits 2 through 5 attached to the Defendant's counterclaim pursuant to Rule 10(c), which limits attachments to "instruments"—which those documents are not.  Because this Court has held that those attachments will remain under seal, Plaintiff does not seek reconsideration of that part of the Court's Order.

LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

the application of the *Hubbard* factors.  <u>Mot.</u>, Dkt. No. 31, pp. 6-18.  It appears that the Court might have overlooked those arguments.  The Plaintiff therefore respectfully requests that the Court reconsider its Order in light of the arguments found there.

Second, the Court held that its determination not to seal or strike was "particularly true given the unnecessarily prolix and detailed pleadings filed by the plaintiff himself".  Comprised of 230 paragraphs, the Complaint admittedly is not short.[2]  *But its length and detail do not give license to the Defendant to disclose information that is irrelevant to the litigation that it promised to keep confidential.*  The Court's observation would certainly apply in the case of Party A who objects to a practice by Party B in which Party A itself engaged; that complaint would be hypocritical.  But here the Plaintiff's motion to strike or seal is not based on the length of the Defendant's counterclaim.  It is based on the contents.

That brings us to the Court's third point:  The Court noted that "there are claims in plaintiff's own complaint that put the facts to which the exhibits pertain squarely in issue".  <u>Order</u>, Dkt. No. 32, p. 2.  Georgetown made that contention in its Opposition to the Plaintiff's Emergency Motion to Seal.  But it was plainly wrong.

---

[2] Plaintiff's counsel regrets any inconvenience that he caused through the Complaint's length.  The Complaint was initially drafted with such length and detail in response to the request by the Defendant's then-attorney for a detailed description of the case.

It is not, however, fair to call it prolix.  *See*, *e.g.*, <u>Ciralsky v. C.I.A.</u>, 355 F.3d 661, 670 (D.C. Cir. 2004) (noting that a significant reason for the length of the complaint "was due to the sheer number of claims asserted: with 20 separate claims (under nine statutory and constitutional provisions), the 40–page 'Statement of Claims' section averaged only 2 pages per claim").  Professor Egolf's complaint alleged fifteen separate wrongful acts, providing a short and plain statement of each.  It does not contain irrelevant information, it is not repetitive or confusing, and it provides fair notice to the Defendant of the claims against it.  *See* <u>Jiggetts v. D.C.</u>, 319 F.R.D. 408, 415 (D.D.C. 2017), *aff'd sub nom.* <u>Cooper v. D.C.</u>, No. 17-7021, 2017 WL 5664737 (D.C. Cir.) ("it is nearly impossible to discern the essential facts that underlie Plaintiffs' legal claims because of the excessively lengthy recitation of events and myriad seemingly irrelevant descriptions that are presented in this pleading").

**LIPPMAN, SEMSKER & SALB, LLC**
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

Georgetown argued that Professor Egolf put the facts to which the exhibits pertain in issue, stating that he,

> devoted nearly twenty paragraphs of his operative complaint to the 2013 incident and its aftermath, including detailed allegations concerning the IDEAA investigation, disciplinary consequences, and alleged procedural defects.

Georgetown relies on Paragraphs 39 through 57 of the Complaint to support that contention. *See* Opp., Dkt. No. 26, p. 5. *But those paragraphs do no such thing*.

Plaintiff's complaint contains only five paragraphs describing the 2013 incident. *See* Complaint, Dkt. No. 8, ¶¶ 39-43. Those five paragraphs provide a brief background description of the incident. And they do so for good reason: Professor Egolf must allege the prior Title IX activity as a necessary predicate to his Title IX retaliation claim.

But including allegations in a complaint does not put them in issue. It is axiomatic that facts alleged in a complaint are put in issue only when specifically denied or challenged by the opposing party. *See*, *e.g.*, McKinlay v. Morrish, 62 U.S. 343, 345 (1858) (holding that "points [are] put in issue by the allegations of the [complaint] and denial of the answer"); Wiggins v. Powell, 2005 WL 555417, at *22 (D.D.C.) (holding that "when [plaintiff] challenged her superiors' criticism of her work in her grievance, she put that 'matter' in issue"); Alyeska Pipeline Serv. Co. v. U.S. E.P.A., 856 F.2d 309, 314 (D.C. Cir. 1988) (describing "in issue" in the context of summary judgment as facts in dispute).

Here, Georgetown admitted most of the allegations in those paragraphs, so those admitted allegations are not in issue.[3]

---

[3] The Defendants admitted that a student accused Professor Egolf of sexual Harassment. Compl., ¶ 39; Answ., ¶ 39. The Defendants also admit the gravamen of Paragraph 40, but deny the Plaintiff's contention that the allegations were merely conclusory. Compl., ¶ 40; Answ., ¶ 40. The Defendants admit that Robert Groves demanded that Professor Egolf be stripped of tenure and fired. Compl., ¶ 42; Answ., ¶ 42. And the University admitted that IDEAA conducted an investigation into

LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

Moreover, while those background allegations are necessary in the Plaintiff's complaint, they are not relevant to Georgetown's counterclaim. Thus, even if, *arguendo*, Professor Egolf had put some fact or another in issue through the allegation of his Complaint, the information that Georgetown put in its counterclaim goes far beyond any such point that is in issue.

Following the background information paragraphs, the Complaint contains a dozen paragraphs describing the non-disclosure and non-reliance provisions in the settlement agreement. Those provisions are indeed central to this lawsuit, which alleges that Georgetown willfully violated those provisions. The Plaintiff put those provisions in issue— and does not object to Georgetown's references to those provisions in its counterclaim.

Georgetown argued that it refrained from unnecessary disclosure and that it provided only "a high-level, non-sensational summary of the initial allegations, included solely to provide context for the existence of the 2015 Agreement and the seriousness of the allegations leveled against Plaintiff". Opp., Dkt. No. 26, pp. 6-7. That argument avails Georgetown of nothing because it presumes that there is some reason or benefit to providing "context for the existence of the 2015 Agreement". Georgetown does not explain what cause there could be. Nor can it; the allegations of the 2013 event bear no relevance to the issues in dispute in either Professor Egolf's complaint or in Georgetown's counterclaim.

LIPPMAN, SEMSKER & SALB, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

---

Professor Egolf's student interactions. Compl., ¶ 43; Answ., ¶ 43. The only substantive denial that the Defendants made was to Plaintiff's allegation that the 2013 Complaint did not allege any conduct that would, even if true, comprise sexual harassment. Compl., ¶ 41; Answ., ¶ 41. But that denial is inapposite because that fact is not material to either the Plaintiff's complaint or the Defendant's counterclaim. Thus, the allegations appear in the complaint but they are not in issue.

Therefore, because the Court appears to have overlooked the central argument of the Plaintiff's motion, and because the bases of the Court's Order appear to be based on inaccurate contentions made by the Defendant, the Plaintiff respectfully requests that this Court reconsider its Order.

Respectfully Submitted,

Dated: January 22, 2026

LIPPMAN, SEMSKER & SALB, LLC
Micah Salb, Esq.  (DC Bar No. 453197)
msalb@lsslawyers.com
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
(301) 656-6905

*Counsel to Plaintiff David Egolf, Ph.D.*

### CERTIFICATE OF SERVICE

I certify that on January 22, 2026, a copy of the foregoing was filed via the Court's electronic case filing system and thereby served on Defendant Georgetown University's counsel of record.

Micah Salb, Esq.