IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID EGOLF,<br><br>*Plaintiff*,<br><br>v.<br><br>GEORGETOWN UNIVERSITY, *et al.*,<br><br>*Defendants*. | Civil Action No. 1:25-cv-03439-ABJ |
| GEORGETOWN UNIVERSITY,<br><br>*Counter-Plaintiff*,<br><br>v.<br><br>DAVID EGOLF,<br><br>*Counter-Defendant*. | |

**DEFENDANT GEORGETOWN UNIVERSITY'S
MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF**

Defendant Georgetown University respectfully moves to strike Plaintiff's Reply to Defendants' Opposition to Plaintiff's Motion to Dismiss (ECF No. 33). The reply should be stricken because it was untimely filed, Plaintiff failed to seek relief under Rule 6(b)(2), and the reply improperly changes the relief sought by converting a motion to dismiss into a motion to strike. Defendants' counsel has conferred with Plaintiff's counsel, who does not consent to this motion. Plaintiff's counsel has stated that he intends to file a motion for leave to file out of time.

This Court possesses inherent authority to manage its docket and to strike motions or filings that fail to comply with the Federal Rules of Civil Procedure. *See Doe #1 v. Am. Fed'n of Gov't*

*Emps.*, 2023 WL 22059, at *3-4 (D.D.C. Jan. 3, 2023) (recognizing district courts' inherent authority to strike filings for noncompliance with procedural rules and court orders); *see also Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) ("[A] District Court ha[s] jurisdiction to grant ... motion[s] to strike pursuant to its inherent powers.").

## ARGUMENT

**I.     THE REPLY BRIEF WAS UNTIMELY FILED**

Under Local Civil Rule 7(d), a reply brief must be filed within seven days after service of the opposition. Plaintiff filed his motion to dismiss on December 24, 2025. *See* ECF No. 23. Defendants filed their opposition on January 6, 2026. *See* ECF No. 29. Plaintiff's reply was therefore due no later than January 13, 2026. Plaintiff did not file his reply until January 21, 2026 − more than a week after the deadline expired. Plaintiff did not request an extension, did not seek leave of Court, and did not provide any explanation for the late filing.

Where a party files an untimely brief, relief is available only upon a motion under Rule 6(b)(1)(B), Fed. R. Civ. P., demonstrating excusable neglect. Plaintiff made no such motion here. Courts in this District are clear that failure to seek Rule 6(b) relief weighs heavily in favor of striking untimely filings. In *Cobell v. Norton*, the court struck untimely responsive briefs even where the late party asserted good-faith error and lack of prejudice, emphasizing that the party had "failed to file any motion seeking relief under Rule 6(b)(2)" and that it was "only fair to require all parties to comply with the Federal Rules of Civil Procedure and Local Rules." 213 F.R.D. 42, 42 (D.D.C. 2003).

The same result is warranted here. Plaintiff did not seek relief under Rule 6(b)(2), did not attempt to show excusable neglect, and instead simply filed an untimely reply. Under *Cobell*, that procedural failure alone justifies striking the reply.

2

## II. THE REPLY IMPROPERLY SEEKS NEW RELIEF AND RAISES NEW ARGUMENTS THAT ARE FORFEITED

Striking the reply is independently warranted because it seeks new relief and raises multiple arguments for the first time. Plaintiff's opening motion expressly sought *dismissal* of Georgetown's counterclaims for lack of subject matter jurisdiction. *See* ECF No. 23. In his reply, however, Plaintiff abandons that relief and instead asks the Court to *strike* portions of Georgetown's damages claims. *See* ECF No. 33 at 1. A motion to strike arises under a different rule − Rule 12(f) − and is governed by a different and more demanding legal standard. Indeed, a motion to strike is a "drastic remed[y] that courts disfavor." *Riddick v. Holland*, 134 F. Supp. 3d 281, 285 (D.D.C. 2015). Plaintiff's attempt to obtain such relief for the first time in a reply brief is therefore procedurally improper.[1]

The reply also advances several arguments that were not raised in Plaintiff's opening motion. This pivot follows Plaintiff's concession that the Court has supplemental jurisdiction over the counterclaims under 28 U.S.C. § 1367(a), *see* ECF No. 33 at 1 ("Plaintiff concedes that this Court has jurisdiction over the counterclaims"), which undercuts the jurisdictional theory on which the motion to dismiss rests (and renders it moot). In its place, Plaintiff offers a series of new arguments for the first time on reply, contending that Georgetown's damages claims are barred by the Civil Rights Attorney's Fees Awards Act of 1976, invoking the Faculty Handbook as an independent limitation on contract damages, and reframing the case as barred by the American

---

[1] In addition, Plaintiff has *already* filed a motion to strike under Rule 12(f), *see* ECF No. 31 (sealed), which the Court denied. *See* ECF No. 32. Plaintiff has since moved for reconsideration of that Ruling. *See* ECF No. 34. Plaintiff is prohibited from making serial Rule 12 motions by Rule 12(g)(2), Fed. R. Civ. P. ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.").

Rule on attorneys' fees. Because none of these arguments was presented in the opening brief, Georgetown had no opportunity to address them.

"It is a well-settled prudential doctrine that courts generally will not entertain new arguments first raised in a reply brief." *Lewis v. District of Columbia*, 791 F. Supp. 2d 136, 139 n.4 (D.D.C. 2011) (*quoting Aleutian Pribilof Islands Ass'n, Inc. v. Kempthorne*, 537 F. Supp. 2d 1, 12 n.5 (D.D.C. 2008)). Considering arguments raised for the first time on reply is "not only unfair," but also risks an "improvident or ill-advised opinion." *McBride v. Merrell Dow & Pharm.*, 800 F.2d 1208, 1211 (D.C. Cir. 1986). Courts in this District routinely hold that arguments raised for the first time in a reply brief are forfeited. *See Conservation Force v. Salazar*, 916 F. Supp. 2d 15, 22 (D.D.C. 2013); *Baloch v. Norton*, 517 F. Supp. 2d 345, 348 n.2 (D.D.C. 2007) (same).

Declining to consider such arguments is particularly appropriate where, as here, the new positions are inconsistent with the movant's earlier position. *Aleutian Pribilof Islands Ass'n*, 537 F. Supp. 2d at 12 n.5. Allowing Plaintiff to convert a motion to dismiss into a motion to strike and to introduce new theories through an untimely reply would be both procedurally improper and prejudicial to Defendant.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court strike Plaintiff's untimely Reply (ECF No. 33).

Dated: January 28, 2026                    Respectfully submitted,

                                                     */s/ Henry A. Platt*
                                                     Henry A. Platt (D.C. Bar No. 425994)
                                                     SAUL EWING LLP
                                                     1919 Pennsylvania, Ave NW Suite 550
                                                     Washington, D.C. 20006
                                                     Telephone: (202) 333-8800
                                                     Facsimile: (202) 337-6065
                                                     Email: henry.platt@saul.com

                                                     *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of January 2026, a copy of the foregoing **DEFENDANT GEORGETOWN UNIVERSITY'S MOTION TO STRIKE PLAINTIFF'S REPLY BRIEF** was filed via the CM/ECF system, which caused a copy to be sent via the electronic filing system and email upon:

Micah Salb
Lippman Semsker & Salb, LLC
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
Email: msalb@lsslawyers.com

/s Henry A. Platt
Henry A. Platt (D.C. Bar No. 425994)
SAUL EWING LLP
1919 Pennsylvania Ave NW Suite 550
Washington, D.C. 20006
Telephone: (202) 333-8800
Facsimile: (202) 337-6065
Email: henry.platt@saul.com

*Counsel for Defendants*