Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAVID EGOLF<br><br>Plaintiff,<br><br>vs.<br><br>GEORGETOWN UNIVERSITY, ET AL.<br><br>Defendants. | Case No. 25-CV-3439. |
| GEORGETOWN UNIVERSITY,<br><br>Counterclaim Plaintiff,<br><br>vs.<br><br>DAVID EGOLF.<br><br>Counterclaim Defendant. | |

## PLAINTIFF'S MOTION FOR LEAVE TO AMEND

COMES NOW Plaintiff David Egolf, by and through his undersigned counsel, and respectfully moves that this Court grant him leave to File an Amended Complaint.

### Local Rule 7(m) Conference

Pursuant to LCvR 7(m), counsel for Plaintiff conferred with counsel for Defendants regarding the relief requested in this Motion. Defendants have stated that they do not consent to Plaintiff's request for leave to file an amended complaint.

## Applicable Standard

Pursuant to Federal Rule of Civil Procedure 15(a)(2), after the time to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave" and "[t]he court should freely give leave when justice so requires". Fed. R. Civ. P. 15(a)(2).

## Relief Requested

Plaintiff David A. Egolf respectfully requests entry of an Order granting leave to file his First Amended Complaint, a copy of which is attached hereto as Exhibit 1. For convenience and transparency, Plaintiff has also attached hereto as Exhibit 2 a redline comparison reflecting the changes from the current operative complaint.

## Grounds for Amendment

Plaintiff seeks leave to amend his Complaint in three ways.

First, Plaintiff has made editorial changes to make the operative pleading more clear.

Second, Plaintiff has added two additional counts to the Complaint. The first states a claim for a violation of the District of Columbia Human Rights Act. It is the state-law analogue to Title IX and so it does not meaningfully change the scope of the litigation.

The second new count seeks a remedy for civil conspiracy[1] based on information that he learned only after the filing of all pleadings already filed in this case.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

---

[1] The District of Columbia Court of Appeals recognized claims for civil conspiracy in Griva v. Davison, 637 A.2d 830, 848 (D.C. 1994). While civil conspiracy is not an independent action, it is a means for establishing liability for an underlying tort. The underlying torts alleged in the proposed First Amended Complaint include tortious interference with contractual relations and tortious interference with prospective economic advantage.

In January and February 2026, the Parties engaged in a proceeding before Georgetown's Faculty Responsibilities Committee. During the course of that proceeding, the University shared for the first time that it had an attorney-client relationship with the lawyers who conducted the investigation. This contradicted the Plaintiff's understanding (based in part on the investigators' explicit assertion at the start of their interviews of the Plaintiff) that they had no attorney-client relationship with the Parties. It also conflicted with the requirement under law and contract that the investigation be conducted by impartial persons. Thus, the investigators had what amounts to a secret attorney-client relationship with the university, but they were not acting consistent with that relationship in conducting an investigation that they professed to be independent. As such, they are third parties for civil conspiracy purposes, giving rise to the Plaintiff's proposed new claim.

Finally, the amended complaint would add as new defendants the two people who conspired with Georgetown.

## No Undue Delay, Bad Faith, or Dilatory Motive

Plaintiff brings this motion in a good faith effort to gain remedy for unlawful conduct; filing an amendment to add a viable count is not bad faith. Nor does Plaintiff seek improper delay or have dilatory motive. The case has been inactive for more than four months while the Plaintiff's motion to dismiss is pending, so amendment will not create additional delay, and even if it created some modest delay, such delay would not be improper.

## No Undue Prejudice to Defendants

Granting leave to amend will not unduly prejudice the Defendants. This amendment comes at the very start of the litigation and relates directly to the existing allegations. And

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

because this Court has determined that discovery should not commence until after the Rule 16 conference (which is awaiting the Court's decision on the Plaintiff's motion to dismiss), the Parties have not yet commenced discovery. As such, the proposed amendment would not impact any deadlines in this case.

## Amendment Is Not Futile

Leave to amend should be denied on futility grounds only where the proposed amendment would be dismissed as a matter of law. The proposed Amended Complaint is not futile. Rather, it clarifies and supplements the Plaintiff's existing allegations and claims and, in adding the civil conspiracy count, adds a new source of remedy based on the same set of facts previously alleged. If the Defendants wish to making any merits-based arguments, they would be more appropriately addressed through the ordinary motion practice directed to the operative pleading after leave is granted.

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court grant Plaintiff leave to file the proposed First Amended Complaint and for such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Dated: June 12, 2026

LIPPMAN, SEMSKER & SALB, LLC
Micah Salb, Esq. (Bar #453197)
msalb@lsslawyers.com
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
(301) 656-6905

**CERTIFICATE OF SERVICE**

I certify that on this the 12th day of June in the year 2026, a copy of the foregoing motion was served on counsel for the Defendant by the Court's electronic case filing system

____________________________________

Micah Salb, Esq.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814