**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

DAVID EGOLF

  Plaintiff,

        vs.

GEORGETOWN UNIVERSITY, ET AL.

  Defendants.

Case No. 25-CV-3439.

GEORGETOWN UNIVERSITY,

  Counterclaim Plaintiff,

        vs.

DAVID EGOLF.

  Counterclaim Defendant.

**PLAINTIFF'S MOTION FOR CLARIFICATION**

COMES NOW Plaintiff David Egolf, by and through his undersigned counsel, and respectfully moves that this Court clarify its recent Minute Order.

**Relevant Facts**

The Plaintiff filed the operative initial complaint in this action on October 27, 2025, and the Defendants answered and filed a counter-claim on December 19, 2025. On December 24, the Plaintiff filed a motion seeking dismissal of the Counter-Claim or, in the

Page 1 of 5

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

alternative, to dismiss the Defendants' claim for damages. Briefing on that motion has been completed for six months and continues to await this Court's decision.

During 2026, the University conducted internal proceedings relating to this litigation. On June 12, as a direct result of information learned during the course of those proceedings, the Plaintiff filed a motion for leave to amend his complaint to add a new count for civil conspiracy. (The amendment also made editorial changes for the purpose of clarity and added a count for violation of the District of Columbia Human Rights Act to reiterate the Title IX allegations under the DC state law analogue to Title IX.)

The Defendant opposed the motion on June 29, arguing that amendment should be disallowed because it would be futile. The Plaintiff filed his reply to the Defendants' opposition on July 8, rebutting the Defendants' contention that the amendment would be futile. The motion was ripe for decision as of that date.

On July 15, Georgetown fired the Plaintiff. Because that termination was a violation of the Plaintiff's contract rights and was an act of illegal retaliation, the Plaintiff has sought leave from this Court to make a second amendment.

## Discussion

This Court issued a Minute Order on August 3. It is because of the contents of that minute order that the Plaintiff files this motion seeking clarification.

The Plaintiff seeks clarification, first, because the Court's minute order stated that it was granting the plaintiff's motion for leave to amend but also afforded the Defendants the opportunity to oppose the motion. Those two orders appear to be in contradiction to each other; the Plaintiff respectfully seeks clarification.

Lippman, Semsker & Salb, LLC
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

The second reason for the Plaintiff's request for clarification is that the language of the minute order suggests that this Court might have misunderstood the Plaintiff's motion. This Court states that with this proposed second amended complaint, the Plaintiff has jettisoned his first amended complaint.  But that is not the case.

The Plaintiff's second motion for leave to amend explains that the purpose of the amendment is to add allegations related to Georgetown's termination of the Plaintiff's employment (and the second amended complaint itself adds related facts).  The Plaintiff did not intend to jettison anything in the first proposed amendment, and he sought to make his intention clear by providing redlines to the Court.  The Plaintiff regrets any content of his motion which suggested that he intended to abandon the first amended complaint.  Because the Court's understanding of the Plaintiff's motion and the Plaintiff's intent are inconsistent, the Plaintiff respectfully requests that this Court clarify the basis or meaning of its minute order.

Third, the Plaintiff seeks clarification of the concern expressed by the Court that the Plaintiff's proposed amendment causes "unnecessary delay" and undue burden on the Defendants.  The concern about delay, which the Court has not explained, appears to be at odds with the fact that the Court has disallowed the Parties from commencing discovery until it resolves the Plaintiff's motion to dismiss the Defendants' damages claim.  Because of that order, the litigation is already on hold.  The Plaintiff respectfully requests that this Court clarify the basis of its conclusion that the Plaintiff has caused delay.  Likewise, the Plaintiff respectfully requests that the Court clarify its conclusion that the proposed amendment causes undue burden on the Defendant.  Answering the few additional allegations in the second amended complaint imposes virtually no burden on the Defendants.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

### Plaintiff's Counsel's Failure to Meet the Court's Expectations

Finally, the Plaintiff uses the opportunity of this motion to express his concern over his failure to meet this Court's expectations. The Court has repeatedly expressed displeasure at the length of the Complaint. And in the Minute Order the Court expressed disapprobation of the accusatory nature of the Complaint. Plaintiff's counsel is deeply invested in the civil and amicable practice of law and deeply regrets taking action which displeases the Court. But, unfortunately, Plaintiff's counsel is at a loss to understand why the length of the complaint—the result of an effort to clearly describe complex facts extending over a long period of time—imposes undue burden on the Court or the Defendants. Nor does counsel understand why it is undesirable for counsel to draft an accusatory complaint when the purpose of a complaint is to make accusation, and the complaint in this case does so without ad hominem attacks, slander, or other defects that sometimes mar attorneys' work.

This Court has also chided counsel for its response to Georgetown's opposition to the Plaintiff's motion for leave to file a first amended complaint. The Court writes that the Plaintiff has "not take[n] any action in response other than to file a fulsome reply on July 8, appending over 100 pages of exhibits". Counsel does not understand the Court's displeasure at his conduct or what action other than replying the Court hoped for from counsel.

The Plaintiff humbly asks that the Court advise him of the nature of his missteps so that he can avoid continuing to disappoint the Court.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814

## Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court clarify its minute order.

Respectfully Submitted,

Dated: August 4, 2026

LIPPMAN, SEMSKER & SALB, LLC
Micah Salb, Esq.  (Bar #453197)
msalb@lsslawyers.com
7979 Old Georgetown Road, Suite 1100
Bethesda, MD 20814
(301) 656-6905

### CERTIFICATE OF SERVICE

I certify that on this the 4th day of August in the year 2026, a copy of the foregoing motion was served on counsel for the Defendant by the Court's electronic case filing system.

Micah Salb, Esq.

**Lippman, Semsker & Salb, LLC**
7979 Old Georgetown Road
Suite 1100
Bethesda, Maryland 20814